IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GENETEC INC.**<br>2280 Alfred-Nobel Blvd., Suite 400<br>Saint-Laurent, Quebec, Canada H4S 2A4<br><br>       **Plaintiff,**<br><br>v.<br><br>**JAMES SIMON,**<br>U.S. citizen residing outside the U.S.,<br>address unknown<br><br>       **Defendant.** | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

Plaintiff Genetec Inc. ("Genetec") hereby alleges as follows:

### NATURE OF THE ACTION

1.   This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 7,711,150 and U.S. Patent No. 7,881,498.

### THE PARTIES

2.   Plaintiff Genetec is a Canadian corporation having a principal place of business at 2280 Alfred-Nobel Blvd., Suite 400, Saint-Laurent, Quebec, Canada H4S 2A4. Genetec is engaged in the business of, among other things, designing and selling world-class IP security solutions encompassing license plate recognition, video surveillance, and access control.

3.   Defendant James Simon ("Simon") is a United States citizen. Simon formerly resided in California at 8 Estates Drive, Villa Park, California 92861 and/or other residences within the Central District of California. (*See* Exhibit A (April 9, 2010 Declaration filed with

1

U.S. Patent and Trademark Office).) Simon, however, no longer resides in the United States and has not resided in the United States for at least several years. (*See* Exhibit B (March 2-3, 2011 email correspondence between counsel for Genetec and counsel for Simon) and Exhibit C (April 13-14, 2011 email correspondence between counsel for Genetec and counsel for Simon).) Simon's current residence address is unknown to Genetec. Simon's counsel refuses to disclose his whereabouts (*see* Ex. C), and Genetec's investigative efforts to date have not been able to locate Simon.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5. Simon is not a United States resident and, on information and belief, has not filed a written designation of an agent for service of process pursuant to 35 U.S.C. § 293. (*See* Exs. B, C.) Accordingly, pursuant to 35 U.S.C. § 293, venue is proper in this district, and this Court has personal jurisdiction over Simon.

## SIMON'S PATENTS

6. U.S. Patent No. 7,711,150 (the "'150 patent"), which is entitled "Autonomous Wide-Angle License Plate Recognition," issued on May 4, 2010. The '150 patent is attached as Exhibit D.

7. U.S. Patent No. 7,881,498 (the "'498 patent"), which is entitled "Autonomous Wide-Angle License Plate Recognition," issued on February 1, 2011. The '498 patent is attached as Exhibit E.

2

8. Simon owns the '150 patent and the '498 patent, which are collectively referred to as the "Simon Patents."

## SIMON'S ASSERTION OF THE SIMON PATENTS

9. On or about August 4, 2010, Simon's counsel sent Genetec a letter alleging that Genetec infringed the '150 patent and demanding that Genetec cease and desist from any further use of the allegedly infringing technology in the United States or pay a license for the '150 patent.

10. On or about November 2, 2010, Simon's counsel once again wrote to Genetec alleging that Genetec infringed the '150 patent and requested that Genetec pay a license for the '150 patent if it wanted to "resolve this matter outside of litigation."

11. Simon's November 2 communication to Genetec included a claim chart purporting to compare claim 1 of the '150 patent to Genetec's AutoVu product in order to demonstrate how such product allegedly infringed the '150 patent.

12. Simon's November 2 communication also included a claim chart purporting to compare claim 1 of then-pending published patent application US2010/0195871 (the "'871 application") to Genetec's AutoVu product in order to demonstrate how such product allegedly would infringe the patent that would ultimately issue from the '871 application.

13. On December 6, 2010, Genetec sent certain prior art information to Simon's counsel regarding the invalidity of the '150 patent.

14. On December 9, 2010, Simon's counsel wrote back to Genetec and asserted that the prior art information did not anticipate the '150 patent or claim 1 of the '871 application. Simon's counsel asserted that the '871 application provided "even stronger coverage in the

allowed claims" than the '150 patent. Simon's counsel further stated that "Genetec's many US customers are clearly not beyond the scope of the courts."

16. On December 17, 2010, Simon's counsel again wrote to Genetec. Regarding invalidating prior art, Simon's counsel stated that "to avoid litigation we need proof of such prior art."

16. On or about January 20, 2011, Simon's counsel wrote to a customer of Genetec's, ESI Companies in Memphis, Tennessee ("ESI"). This letter is attached as Exhibit F. With this letter, Simon's counsel provided ESI a claim chart comparing claims of the '150 patent and the '871 application to ESI's Skycop system that deploys Genetec's AutoVu technology.

17. In the January 20, 2011 letter, Simon's counsel further demanded a payment for a license, provided a February 14, 2011 deadline for ESI to respond, and stated that "In the absence of a suitable resolution, Mr. Simon will be forced to consider other options to protect his intellectual property."

18. The '871 application issued as the '498 patent on February 1, 2011.

19. On February 8, 2011, Simon's counsel again wrote to Genetec about the '150 patent and the '871 application and referenced the potential filing of a lawsuit by Simon.

20. Genetec has informed Simon's counsel that Genetec does not believe it is required to license the Simon Patents, since the Simon Patents are invalid and Genetec does not infringe.

21. On February 24, 2011, Genetec filed a declaratory judgment action on the Simon Patents against Simon in the Central District of California, Case No. CV 11-01660 PA(MANx) (the "California Action").

22. On March 1, 2011, Simon's counsel wrote to Genetec's counsel indicating that he had seen the California Action was filed and requested a courtesy copy of the complaint.

4

23. Despite the fact that Simon swore on April 9, 2010, under penalty of perjury, to the U.S. Patent and Trademark Office that he resided at 8 Estates Drive, Villa Park, California 92861 (*see* Ex. A), Simon's counsel advised Genetec's counsel on March 2 and March 3, 2011 that Simon "is not a U.S. resident, and has no designated representative to accept service of process, in California or in any other district" and refused to accept service of the California Action. (Ex. B.)

24. On April 14, 2011, Simon's counsel once again refused to accept service of the California Action and reiterated that Simon resides outside the U.S. and has no agent for service of process. (Ex. C.)

25. Genetec attempted to serve Simon in the California Action at the Villa Park address he gave to the Patent Office. On April 17, 2011, a process server was advised by an occupant of the residence that Simon had moved from this location about six years earlier.

26. Simon's counsel continues to write to and harass Genetec's customers, such as ESI, regarding alleged patent infringement, despite being requested not to do so. (*See* Exhibit G (April 19, 2011 letter from Simon's counsel to ESI).)

**COUNT I
DECLARATORY JUDGMENT OF INVALIDITY AND
NON-INFRINGEMENT OF THE '150 PATENT
(28 U.S.C. §§ 2201-2202)**

27. Genetec repeats and realleges the allegations of paragraphs 1-26 above as if set forth fully herein.

28. Simon has stated that certain of Genetec's products and methods infringe the '150 patent and that Genetec is required to license the '150 patent.

US2008 2605854.2

29. Genetec contends that it is not required to license the '150 patent because Genetec has not infringed and does not infringe, either directly or indirectly, any valid claim of the '150 patent.

30. Genetec contends that one or more claims of the '150 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112. For example, one or more claims of the '150 patent are invalid under §§ 102 and 103 in view of products used and sold in the U.S. as early as 2001 by Genetec's predecessor, AutoVu Technologies.

31. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. An actual and justiciable controversy exists between Genetec and Simon as to whether the '150 patent is infringed by Genetec and/or is invalid. A judicial declaration is necessary and appropriate so that Genetec may ascertain its rights regarding the '150 patent.

33. Genetec is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF THE '498 PATENT
### (28 U.S.C. §§ 2201-2202)

34. Genetec repeats and realleges the allegations of paragraphs 1-33 above as if set forth fully herein.

35. Simon has stated that certain of Genetec's products and methods infringe the '498 patent and that Genetec is required to license the '498 patent.

36. Genetec contends that it is not required to license the '498 patent because Genetec has not infringed and does not infringe, either directly or indirectly, any valid claim of the '498 patent.

37. Genetec contends that one or more claims of the '498 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112. For example, one or more claims of the '498 patent are invalid under §§ 102 and 103 in view of products used and sold in the U.S. as early as 2001 by Genetec's predecessor, AutoVu Technologies.

38. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39. An actual and justiciable controversy exists between Genetec and Simon as to whether the '498 patent is infringed by Genetec and/or is invalid. A judicial declaration is necessary and appropriate so that Genetec may ascertain its rights regarding the '498 patent.

40. Genetec is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

Wherefore, Genetec respectfully prays that the Court:

A. Declare that Genetec has not and is not infringing, either directly or indirectly, any valid claim of the '150 patent and that the '150 patent is invalid, as requested by Count I of this action;

B. Declare that Genetec has not and is not infringing, either directly or indirectly, any valid claim of the '498 patent and that the '498 patent is invalid, as requested by Count II of this action;

C. For an award of all damages, including special damages, provable at trial;

D. An order enjoining Simon, his officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement of or instituting any action for infringement of the Simon Patents against Genetec and/or any of Genetec's customers or downstream users of Genetec's products;

E. An order declaring that Genetec is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Genetec its costs, including attorneys' fees, in connection with this action; and

F. Award Genetec such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Genetec hereby demands a jury trial in this matter on all issues so triable.

Dated: May 31, 2011

_____
Stephen E. Baskin
DC Bar Number 456015
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
Telephone: 202.508.5800
Facsimile: 202.508.5858
sbaskin@kilpatricktownsend.com

Of Counsel:
Geoffrey K. Gavin
Tiffany L. Williams
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4530
Telephone: 404.815.6500
Facsimile: 404.815.6555
ggavin@kilpatricktownsend.com
tiwilliams@kilpatricktownsend.com

*Attorneys for Plaintiff Genetec*